# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REBECCA BLANQUET, | ) | Case No.  EDCV 08-0032-JTL |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## PROCEEDINGS

On January 17, 2008, Rebecca Blanquet ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Supplemental Security Income benefits.  On January 31, 2008, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  On February 1, 2008, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on August 18, 2008, defendant filed an Answer to the Complaint.  On October 23, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On February 8, 2005, plaintiff filed an application for Supplemental Security Income benefits alleging a disability onset date of December 22, 2004. (Administrative Record ["AR"] at 62-64). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 31-35, 39-43). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 44).

On April 25, 2007, the ALJ conducted a hearing in San Bernardino, California. (See AR at 278-326). Plaintiff appeared at the hearing with counsel and testified. (AR at 282-85, 288-312, 313-14, 315-16). Sandra Fioretti, a vocational expert, and Samuel Landow, M.D., a medical expert, also testified at the hearing. (AR at 286-88, 312-20).

On September 14, 2007, the ALJ issued his decision denying benefits to plaintiff. (AR at 22-30). The ALJ determined that plaintiff had the following severe impairments: post operative craniopharyngioma; panhypopituitarism, controlled; obesity; and diabetes, type II. (AR at 24). The ALJ determined that plaintiff's conditions did not meet or equal any of the impairments listed in Appendix 1 of the regulations. (AR at 24). The ALJ determined that plaintiff retained the residual functional capacity to perform a significant range of sedentary work with some environmental limitations.[1] (AR at 24-29). After considering plaintiff's age, education, work experience and residual functional capacity, the ALJ determined that jobs exist in significant numbers in the national economy that plaintiff can perform. (AR at 29). Accordingly, the ALJ concluded that plaintiff was not disabled through the date of the decision. (AR at 30). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 4-6).

Thereafter, plaintiff appealed to the United States District Court.

---

[1] Specifically, the ALJ found that plaintiff can lift 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk two hours in an eight-hour work day; sit for six hours in an eight-hour work day; and that she must be able to change positions at will; is precluded from work requiring balancing, climbing ladders and ropes; can occasionally bend and stoop; should work with air conditioning; and is precluded from a work environment with fumes, odors, dusts, toxins, gases, poor ventilation above that found at ground level, and from any intense interpersonal contact with co-workers and supervisors. (AR at 24-25).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1.      The ALJ failed to properly consider the limitations assessed by the State Agency psychiatrist.

2.      The ALJ failed to properly consider the opinion of Mark A. Pierce, Ph.D., a consultative psychological evaluator.

3.      The ALJ failed to properly consider the side-effects of plaintiff's medications when assessing plaintiff's functional limitations.

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

**A.      The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner

1  has established a five-step sequential process to determine whether a claimant is disabled.  20

2  C.F.R. §§ 404.1520, 416.920.

3       The first step is to determine whether the claimant is presently engaging in substantially

4  gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging

5  in substantially gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S.

6  137, 141 (1987).   Second, the ALJ must determine whether the claimant has a severe

7  impairment.  Parra, 481 F.3d at 746.  Third, the ALJ must determine whether the impairment

8  is listed, or equivalent to an impairment listed, in Appendix I of the regulations.  Id.  If the

9  impediment meets or equals one of the listed impairments, the claimant is presumptively

10  disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment

11  prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45

12  (9th Cir. 2001).  If the claimant cannot perform his or her past relevant work, the ALJ proceeds

13  to the fifth step and must determine whether the impairment prevents the claimant from

14  performing any other substantially gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir.

15  2000).

16       The claimant bears the burden of proving steps one through four, consistent with the

17  general rule that at all times, the burden is on the claimant to establish his or her entitlement

18  to disability insurance benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is

19  established by the claimant, the burden shifts to the Commissioner to show that the claimant

20  may perform other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir.

21  2006).

22  **B.    The State Agency Psychiatrist**

23       Plaintiff argues that the ALJ failed to properly consider the opinion of the State Agency

24  psychiatrist who completed a Mental Residual Functional Capacity Assessment of plaintiff on

25  July 14, 2005.  (Joint Stipulation at 3-4).  As discussed below, the Court finds that the ALJ's

26  failure to address the State Agency psychiatrist's opinion constitutes error.

27       Although ALJs are not bound by findings made by State Agency medical or

28  psychological consultants, the State Agency physicians and psychologists are considered

highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. 20 C.F.R. § 416.927(f)(2)(i). Therefore, ALJs must consider findings of the State Agency medical and psychological consultants as opinion evidence, except for the ultimate determination of whether the claimant is disabled. Id. Thus, an ALJ is required to consider and evaluate any assessment of an individual's residual functional capacity by a State Agency physician or psychologist. Social Security Ruling ("SSR")[2] 96-6p. Unless the ALJ specifically rejects the opinion of the State Agency physician or psychologist, the ALJ must give a non-examining physician's opinion some weight. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

An administrative law judge is not bound by findings made by a State Agency physician or psychologist, but an administrative law judge "may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. An administrative law judge must evaluate the findings of a State Agency medical or psychological consultant or other program physician or psychologist using the factors listed in 20 C.F.R. § 416.927(a)-(e), such as the physician or psychologist's medical specialty and expertise in the rules of the Social Security Administration, the supporting evidence in the case record, supporting explanations provided by the physician or psychologist, and any other factors relevant to the weighing of the opinions. 20 C.F.R. § 416.927(f)(2)(ii). The residual functional capacity assessments made by State Agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed by the ALJ in the decision as medical opinions from nonexamining sources about what the claimant can still do despite his or her impairments. SSR 96-6p.

Here, the ALJ failed to explain why he disregarded aspects of the Mental Residual Functional Capacity Assessment that the State Agency psychiatrist completed on July 14,

---

[2] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

2005. (AR at 206-09). The ALJ ignored, without explanation, the State Agency psychiatrist's opinion that plaintiff was moderately limited in her ability to understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within the customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being distracted by them; and interact appropriately with the general public. (AR at 206-07). The ALJ failed to address the State Agency psychiatrist's findings and explain what weight he assigned to them.

Defendant argues that the ALJ properly disregarded the State Agency psychiatrist's findings in favor of more recent psychological evaluation performed by Harrell Reznick, Ph.D., on January 11, 2007. (Joint Stipulation at 4-5; see AR at 227-34). The ALJ noted that Dr. Reznick found that plaintiff had a depressive disorder that was not disabling. (AR at 28). The ALJ further noted that Dr. Reznick reported positive testing from malingering and opined that plaintiff's test capabilities and history suggest significantly higher intellectual functioning than the estimates from the test scores. (AR at 28; see AR at 227-34). The ALJ also noted that Dr. Reznick's findings were consistent with the findings of Mark A. Pierce, Ph.D., the consultative examiner. (AR at 28; see AR at 178-84).

Defendant also notes that the State Agency psychiatrist's opinion was made on July 14, 2005, two years before Dr. Reznick's evaluation, and that the ALJ properly relied on Dr. Reznick's findings because they were more probative. (Joint Stipulation at 4-5). Even if the ALJ may have had proper reasons to discredit the limitations assessed by the State Agency psychiatrist, the ALJ did not articulate any reasons in his decision. The Court cannot be left to speculate as to what those reasons would have been. See Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). The ALJ is responsible for resolving conflicts in medical testimony, see Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989), and the regulations require the ALJ to explain in the decision the weight given to the opinion of a State Agency psychologist. 20 C.F.R. § 416.927(f)(2)(ii). Here,

1   the ALJ failed to discuss the findings of the State Agency psychiatrist or explain the weight

2   given to the State Agency psychiatrist's assessment of what plaintiff could still do despite her

3   impairments.  The ALJ found that plaintiff was capable of a significant range of sedentary work.

4   (AR at 24-25).  Yet the ALJ offered no reason to reject the State Agency psychiatrist's opinion

5   that plaintiff was moderately limited in her ability to understand and remember detailed

6   instructions; carry out detailed instructions; and maintain attention and concentration for

7   extended periods.  The ALJ also ignored, without explanation, the State Agency psychiatrist's

8   determination that plaintiff was moderately limited in her ability to perform activities within a

9   schedule; maintain regular attendance, and be punctual within the customary tolerances; and

10  sustain and ordinary routine without special supervision.  Although the ALJ found that plaintiff

11  was precluded from any intense interpersonal contact with co-workers and supervisors, the ALJ

12  did not address or specifically reject the State Agency psychiatrist's assessment that plaintiff

13  was moderately limited in her ability to  work in coordination with or proximity to others without

14  being distracted by them or that she was moderately limited in her ability to interact

15  appropriately with the general public.  (See AR at 206-07).  Nor did the ALJ  explain what, if

16  any, weight he gave to the State Agency psychiatrist's assessment.  The ALJ erred in failing

17  to do so.

18  **C.**   **Remand is Required to Remedy Defects in the ALJ's Decision**

19       The choice of whether to reverse and remand for further administrative proceedings, or

20  to reverse and simply award benefits, is within the discretion of the Court.  McAlister v. Sullivan,

21  888 F.2d 599, 603 (9th Cir. 1989).  Remand is appropriate where additional proceedings would

22  remedy defects in the ALJ's decision, and where the record should be developed more fully.

23  Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

24       Here, the Court finds remand appropriate.  On remand, the ALJ must either specifically

25  reject the State Agency physician's opinion or accept the opinion and explain the weight given

26  to it in the decision.  Thereafter, if necessary, the ALJ must also consider the effects of plaintiff's

27  impairments in deciding whether plaintiff has the residual functional capacity to perform work

28

that exists in significant numbers in both the local and national economies.[3]

## ORDER

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 23, 2008

/s/Jennifer T. Lum
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[3] In the Joint Stipulation, plaintiff also contends that the ALJ failed to properly consider the opinion of Dr. Pierce, a consultative psychological evaluator, and failed to properly consider the side-effects of plaintiff's medications. As explained above, however, the ALJ's error in failing to explain the weight he gave to the State Agency psychiatrist constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.